

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR411-059
)
SAMUEL ANTONIO GRAHAM, )
)
Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 25), to which objections have been filed (Doc. 35). After a careful de novo review of the record, the report and recommendation is **REJECTED IN PART** and **ADOPTED IN PART**. The Court **REJECTS** the Magistrate Judge's recommendation that Defendant's motion be denied because he was a probationer who waived his rights under the Fourth Amendment. (Doc. 25 Part A.) The remainder of the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Defendant's Motion to Suppress (Doc. 15) is **DENIED**.

In the report and recommendation, the Magistrate Judge suggests that Defendant's Motion to Suppress should be denied because Defendant signed a Fourth Amendment waiver as a condition of probation from a prior state sentence. (Id. at 1-2.) However, the Government failed to raise this

issue in its response to Defendant's motion, raising it for the first time at an evidentiary hearing. While the Magistrate Judge elected to address the Government's argument without the benefit of any briefing by the parties, this Court is reluctant to follow suit. The search conducted in this case was atypical from a routine search of a probationer's residence pursuant to a Fourth Amendment waiver. Here, the police executed a no-knock warrant to search Defendant's home, using flashbangs to disorient the occupants of the residence while officers, guns drawn, stormed the dwelling. In the Court's estimation, there may be serious constitutional concerns with police conducting this type of intrusive search pursuant to a Fourth Amendment waiver.[1] Furthermore, the Court has doubts whether exclusion of evidence would be the appropriate remedy even if the nature of the intrusion rendered the search improper. In short, the Government's failure to properly raise this issue in its response to Defendant's motion has deprived the Court of any meaningful briefing on these issues. Therefore, this Court will not address the Government's Fourth Amendment waiver argument

---

[1] While the Court takes no position on this issue, it is difficult, at best, to accept the proposition that the state can condition an individual's probation on granting law enforcement the ability to kick down his front door both whenever and however they see fit.

2

and that portion of the report and recommendation is **REJECTED**.

However, Defendant's Motion to Suppress must still be denied because the Court has concluded that the remainder of Defendant's objections to the report and recommendation are without merit. First, Defendant argues that the affidavit used to secure the warrant contained erroneous facts and misstatements, rendering it incapable of establishing probable cause for the search.[2] After reviewing the report and recommendation, the Court concurs with the Magistrate Judge's conclusion that the affidavit establishes sufficient probable cause to believe that controlled substances were being distributed from Defendant's residence. The affidavit states that the name "Sambo" became a recurring name during a police investigation into illegal drug distribution around Stiles Avenue. (Doc. 35, Ex. A at 1.) The police later learned that Defendant was known by the name "Sambo" and lived in Apartment 3 at 1302 Stiles Avenue. (Id.) The affiant later spoke with a confidential informant, who informed him

---

[2] Defendant makes this argument with respect to the lack of reasonable suspicion to support a search pursuant to a Fourth Amendment waiver. (Doc. 35 Part I.) Because the Court has declined to address the Fourth Amendment waiver issue, it will construe Defendant's argument as attacking the alleged probable cause supporting the search warrant.

3

that he previously purchased crack cocaine from "Sambo" while in "Sambo's" residence, pointing out the specific residence to the affiant. (Id.) Subsequently, the confidential informant performed a controlled buy of crack cocaine from "Sambo's" residence. (Id. at 2.)

To be sure, some errors and omissions exist in this affidavit. For example, the affidavit states that, during the controlled buy, the confidential informant purchased the drugs from someone named "Twan," not "Sambo." Also, the affidavit does not specifically mention that the confidential informant purchased the drugs from Apartment Three. These mistakes, however, are insufficient to negate the probable cause established by the complete narration contained in the affidavit. Both the Magistrate Judge and this Court credit the affiant's testimony that the use of the name "Twan" was due to the affiant using a prior affidavit as a template. Furthermore, while the affidavit does not specifically state that the drugs were distributed from Apartment Three, that fact is implied by the overall narrative provided by the affiant. The police were tipped-off about someone named "Sambo," who they later believed to be Defendant. A records search revealed that Defendant lived in Apartment Three, which was confirmed by a confidential informant. That same confidential informant

that he previously purchased crack cocaine from "Sambo" while in "Sambo's" residence, pointing out the specific residence to the affiant. (Id.) Subsequently, the confidential informant performed a controlled buy of crack cocaine from "Sambo's" residence. (Id. at 2.)

To be sure, some errors and omissions exist in this affidavit. For example, the affidavit states that, during the controlled buy, the confidential informant purchased the drugs from someone named "Twan," not "Sambo." Also, the affidavit does not specifically mention that the confidential informant purchased the drugs from Apartment Three. These mistakes, however, are insufficient to negate the probable cause established by the complete narration contained in the affidavit. Both the Magistrate Judge and this Court credit the affiant's testimony that the use of the name "Twan" was due to the affiant using a prior affidavit as a template. Furthermore, while the affidavit does not specifically state that the drugs were distributed from Apartment Three, that fact is implied by the overall narrative provided by the affiant. The police were tipped-off about someone named "Sambo," who they later believed to be Defendant. A records search revealed that Defendant lived in Apartment Three, which was confirmed by a confidential informant. That same confidential informant

was later told to go to Apartment Three and purchase drugs from the occupant, a task the confidential informant completed. Based on this information, the Court concludes that there was ample probable cause to believe that someone, quite possibly Defendant, was distributing crack cocaine from Apartment 3 at 1302 Stiles Avenue. Therefore, the Court finds Defendant's objection to be without merit.

Second, Defendant contends that the warrant was invalid because it failed to identify the place to be searched with sufficient particularity. (Doc. 35 Part III.) In this regard, Defendant points out that the affidavit contains two different addresses. (Id. at 13.) In addition, Defendant argues that the description of the residence is ambiguous because "the second door from the south of the building" fails to identify the correct floor of the two-story apartment building, meaning that the warrant could apply to either of two different apartments. However, the Court agrees with the Magistrate Judge that any ambiguity in the warrant is rectified by the personal knowledge of the officer executing the warrant. See United States v. Burke, 784 F.2d 1090, 1093 (11th Cir. 1986). In Burke, the Eleventh Circuit held that the failure to correctly specify the place to be searched may be cured where the officer executing the warrant "knew precisely

which premises were to be searched." Id. The Eleventh Circuit reasoned that such knowledge by the executing officer "insured that there was no possibility the wrong premises would be searched." Id. Similarly, the executing officer in this case was the same individual who spoke with the confidential informant and identified the residence in the affidavit used to secure the warrant. Therefore, this Court concurs with the Magistrate Judge that the warrant is not invalid based on the minor ambiguity concerning the place to be searched.

For the foregoing reasons, the report and recommendation is **REJECTED IN PART** and **ADOPTED IN PART**. The Court **REJECTS** the Magistrate Judge's recommendation that Defendant's motion be denied because he was a probationer who waived his rights under the Fourth Amendment. (Doc. 25 Part A.) The remainder of the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Defendant's Motion to Suppress is **DENIED**.

SO ORDERED this 18th day of July 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA